### VASCO ROSE v. DWAINE NICKESON, WARDEN OF HARTFORD CORRECTIONAL CENTER

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 167193

Memorandum filed August 28, 1970

*Howard T. Owens,* of Bridgeport, for the plaintiff.

*Robert K. Killian,* attorney general, and *Stephen J. O'Neill,* assistant attorney general, for the defendant.

PARSKEY, J. The plaintiff is a parolee from the Connecticut state prison after having served the minimum, less good time, of a twelve-to-fifteen year sentence for manslaughter. On June 30, 1970, he was arrested by federal authorities, charged with violation of the federal narcotic drug law, and lodged in the Hartford correctional center under bail of $25,000. While he was thus jailed, and because of the alleged violation of parole, there was lodged

against him a rearrest warrant issued by the commissioner of corrections. Subsequently, and because of the likelihood that the plaintiff would be returned to state prison, he was released on his own recognizance in the United States District Court. He has been brought to this court by virtue of the issuance of a writ of habeas corpus. The plaintiff, claiming that he is being held illegally in violation of the rules and regulations of the board of parole and of the laws of the state of Connecticut and the United States, has moved to be admitted to bail pending the disposition of the habeas corpus proceeding. The defendant opposes this motion, claiming that the Superior Court is without jurisdiction to allow bail during the pendency of these proceedings.

The power to admit to bail is a common-law power. It existed in the Court of King's Bench in all cases. In this state, the common-law powers of the King's Bench belong to the Superior Court. *State* v. *Vaughan,* 71 Conn. 457, 461. Since bail is the handmaiden of custody, the power to admit to bail is inherent in the court so long as the prisoner is in its custody. This is obviously so in criminal cases. But it also applies to habeas corpus. *Winnick* v. *Reilly,* 100 Conn. 291, 297; *Cinque* v. *Boyd,* 99 Conn. 70, 92. On the return to the writ of habeas corpus, the original restraint is deemed to be suspended during the pendency of the proceedings and the safekeeping of the petitioner is entirely under the authority and discretion of the court which issued the writ and to which the return is made. 39 Am. Jur. 2d, Habeas Corpus, § 145; note, 56 A.L.R.2d 668, 673.

Although the present proceeding is before me as a judge of the Superior Court rather than before the court itself, I am satisfied that in acting on a writ of habeas corpus I possess the full judicial power

vested by the constitution in the Superior Court itself. *Brown* v. *Cray,* 88 Conn. 141, 145; *Norwalk Street Ry. Co.'s Appeal,* 69 Conn. 576, 602.

Since the exercise of the power to admit to bail is a matter of discretion, it remains to consider whether the power should be exercised in this case. The plaintiff raises serious statutory and constitutional questions with respect to his rearrest. It may be that on further examination his claims may be without substance. In the short period of time which will elapse before these proceedings are concluded, there is no reason why the plaintiff should not in effect be continued on parole.

Accordingly, the plaintiff is admitted to bail in the amount of $5000.