VASCO ROSE *v.* DWAINE NICKESON, WARDEN OF HARTFORD CORRECTIONAL CENTER

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 167193

Memorandum filed September 23, 1970

*Howard T. Owens,* of Bridgeport, for the plaintiff.

*Robert K. Killian,* attorney general, and *Stephen J. O'Neill,* assistant attorney general, for the defendant.

PARSKEY, J.  On November 14, 1961, the plaintiff was sentenced in the Superior Court in Fairfield County to a term of not less than twelve nor more than fifteen years at the state prison for the crime of manslaughter.  On July 19, 1969, the plaintiff was released on parole.  On June 30, 1970, he was arrested in Bridgeport by federal authorities and charged with violation of the federal narcotic drug laws.  The penalties for violation of these laws range from a minimum imprisonment of two years to a maximum imprisonment of twenty years.  On August 20, 1970, the plaintiff was arrested pursuant to a parole violation warrant and has been detained in custody by the commissioner of correction under this warrant.  Since the rearrest of the plaintiff and his return to custody the board of parole has neither revoked nor suspended his parole.  The plaintiff has been admitted to bail in this court in the amount of $5000 pending the disposition of the present habeas corpus.[1]

The plaintiff claims that his parole cannot be revoked without a hearing by the parole board.  The defendant agrees.  The plaintiff claims that no such hearing should be held during the pendency of the federal charges.  The defendant agrees.  Finally, the plaintiff claims that he has a right to remain on parole until the federal charges are resolved.  The defendant does not agree.  The defendant argues that the effect of the rearrest is to suspend parole while the federal charges are outstanding.

Parole is at the discretion of the board of parole.  One of the factors which the parole board must consider in deciding to grant release on parole is

---

[1] See 29 Conn. Sup. 81.

whether "there is reasonable probability that such inmate will live and remain at liberty without violating the law." General Statutes § 54-125. When a parolee is arrested on another charge, the basis for the release is open to question. Under these circumstances the parole board has the discretionary authority to suspend parole or to detain the parolee without bail until the matter is resolved.

At the time of this petition the plaintiff was lawfully in custody under a rearrest warrant. Although his detention can be continued only with the approval of the parole board, he can be held in custody under the warrant for a reasonable period of time until the board shall have an opportunity to act.

Accordingly, the petition is dismissed, and the plaintiff is remanded to the custody of the commissioner of correction.