**Ellis THOMAS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 1889.**

Supreme Court of Alaska.

July 19, 1974.

Ben Esch, Asst. Public Defender, Herbert D. Soll, Public Defender, Anchorage, for appellant.

Stephen G. Dunning, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, JJ.

## OPINION

PER CURIAM.

Appellant was convicted upon a jury verdict of the offense of assault with a dangerous weapon, in violation of AS 11.-15.220.[1]

He appeals both from the conviction and from the ten-year sentence imposed by the trial court.

The first question on appeal is whether a telephone, when used as a club to inflict injury upon the victim, can be considered a dangerous weapon. Our answer is in the affirmative. Berfield v. State, 458 P.2d 1008 (Alaska 1969), is dispositive. Appellant's counsel recognize this, and pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493

(1967), have merely presented the question as being possibly arguable on appellant's behalf. We affirm the conviction.

The second question on appeal is whether the maximum sentence of ten years is excessive. The sentence was imposed concurrently with sentences in another case in which appellant was found guilty on three counts of selling the narcotic drug heroin in violation of AS 17.10.010. In the heroin case the sentence was for two consecutive terms of ten years on each of two counts, and ten years on a third count, to be served concurrently with the other sentences. The sentence of ten years for assault with a dangerous weapon was to be served concurrently with the sentences for the sale of heroin. The court fixed eligibility for parole at one-third of the consecutive sentences, totaling 20 years, for selling heroin. No minimum term for parole eligibility was fixed as to the assault with a dangerous weapon conviction. Under the latter sentence, taken by itself, appellant may be considered for parole at any time. It is only the latter sentence which has been put in issue in this appeal.

In Thomas v. State, 522 P.2d 528, Opinion No. 1040 (1974), we affirmed appellant's conviction for the sales of heroin mentioned above. Because the sentence to be served for those offenses is twice as long as the sentence to be served for the assault with a dangerous weapon offense, and because it seems unlikely that his service of the latter sentence will have any appreciable effect upon his parole eligibility, we have concluded that a detailed review of the latter sentence has been rendered superfluous. We affirm the sentence.

Affirmed.

1. *"Assault with dangerous weapon.* A person armed with a dangerous weapon, who assaults another with the weapon, is punishable by imprisonment in the penitentiary for not more than 10 years nor less than six months, or by imprisonment in jail for not more than one year nor less than one month, or by a fine of not more than $1,000 nor less than $100."