AS 33.15.080; *Thomas v. State*, 566 P.2d 630, 633 (Alaska 1977).

**Ellis THOMAS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 3961.**

Supreme Court of Alaska.

April 6, 1979.

Sue Ellen Tatter, Asst. Public Defender, Brian Shortell, Public Defender, Anchorage, for appellant.

John A. Scukanec, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

## OPINION

BURKE, Justice.

Ellis Thomas appeals from an order of the superior court, Victor D. Carlson, Judge, denying his motion for a reduction of sentence.[1]

Thomas has been a prisoner of the State of Alaska for approximately seven years. On November 27, 1972, he was sentenced on a three count conviction for selling narcotics, in violation of AS 17.10.010, and one count of assault with a dangerous weapon, in violation of AS 11.15.220. Judge C. J. Occhipinti sentenced Thomas to ten years of imprisonment on each of the narcotics counts, ordering that the sentences on counts I and II be served consecutively and that the sentence on count III be served concurrently. Judge Occhipinti also imposed a concurrent ten-year sentence for the assault conviction. We affirmed the narcotics convictions in *Thomas v. State*, 522 P.2d 528 (Alaska 1974), and the assault conviction and sentence in *Thomas v. State*, 524 P.2d 664 (Alaska 1974). The narcotics sentence was not appealed.

On July 30, 1975, Thomas moved to modify and correct the sentences imposed for the three narcotics convictions.[2] After hearing, Judge Occhipinti denied the untimely motion and Thomas appealed. In *Thomas v. State*, 566 P.2d 630 (Alaska 1977), we held that the superior court did not abuse its discretion in failing to relax the sixty-day limitation then contained in Rule 35(a), Alaska R.Crim.P.[3] We indicated that the record presented to the superior court was lacking in

> any proof that Thomas intended to timely ask for a reduction of his narcotics sentences or that he was in any way frustrated in his efforts to obtain a timely reduction of his sentences through the neglect or failure of his counsel to take appropriate procedural measures to gain such relief.

566 P.2d at 639 (footnote omitted). We also noted, however, that our affirmance was without prejudice to Thomas' right to renew his application for relief upon a proper showing. *Id.* at 639 n. 35.

On November 11, 1977, Thomas filed a second motion to reduce his sentence and a

---

1. This motion was made pursuant to Rule 35(a), Alaska R.Crim.P. At the time Thomas filed his motion, the rule provided:

 *Correction or Reduction of Sentence.* The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the supreme court of the state or of the United States denying an application for relief.

 The rule has since been amended to extend the time limit to 120 days. Alaska Supreme Court Order 319 (July 18, 1978) (effective August 16, 1978).

2. This motion was also made pursuant to Rule 35(a), Alaska R.Crim.P., set forth in note 1 *supra*.

3. *See* note 1 *supra*.

motion to relax the sixty-day time requirement of Rule 35(a), Alaska R.Crim.P. Apparently, a satisfactory showing was made to indicate that the delay was excusable, as Judge Ralph Moody signed an order granting the motion to relax the rule.[4] Because Judge Occhipinti, the judge that originally imposed sentence, had retired, the motion to reduce was assigned to Judge Carlson. On March 6, 1978, Judge Carlson denied the motion.

The basis for Judge Carlson's ruling was apparently his belief that he could not reduce or modify the original sentence unless convinced that Judge Occhipinti was "clearly mistaken" in imposing the sanction that he did. Thus, he appears to have applied the standard of review that we adopted for this court in *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974). Judge Carlson stated:

> I do not feel, Mr. Thomas, that I have any authority to reduce your sentence, however, if I did I would suspend the second 10 years of your sentence, believing that pursuant to Chaney your sentence of 10 years to serve was the appropriate amount. I'll sign an order requiring that you be kept in the state of Alaska pending any appeal from this order, and in order to assist further I'll state that I don't feel that Judge Occhipinti was clearly mistaken, and I'm not sure whether that's any criteria to be used or not.

We believe that Judge Carlson misperceived the extent of his authority. His duty required him to sit in place of a retired judge. As the judge assigned to hear the motion on its merits, Judge Carlson was entitled to do all that Judge Occhipinti could have done if he had been available to hear the matter himself. Thus, Judge Carl-

son had full authority to reduce or modify the sentence according to what he believed to be right and just.[5] The "clearly mistaken" test of *McClain* established a standard for this court's appellate review of sentences appealed to it under AS 12.55.120. as excessive or too lenient. The test has no application to a Rule 35(a) motion to reduce or modify a sentence.

The order denying Thomas' motion for correction or modification of his sentence is REVERSED, and the case is REMANDED to the superior court for further consideration. If, as it appears, such action is deemed appropriate by Judge Carlson, an amended judgment suspending the execution of the consecutive ten year portion of the sentence may be entered.

---

4. The state has challenged the validity of Judge Moody's order on appeal, claiming that there was no reasonable basis for finding that the delay on Thomas' part was excusable. We find that the state has waived this issue, however, since no opposition was filed to appellant's motion in the court below. *See Holiday Inns of America, Inc. v. Peck*, 520 P.2d 87, 94 (Alaska 1974); *Chugach Electric Assn. v. Lewis*, 453 P.2d 345, 349 (Alaska 1969).

5. A Rule 35(a) motion is addressed to the sound discretion of the sentencing court. The motion presupposes a valid sentence and conviction and is essentially a plea for leniency. *United States v. Maynard*, 485 F.2d 247, 248 (9th Cir. 1973); *Thomas v. State*, 566 P.2d 630, 639 (Alaska 1977).