Oscar A. CANO, Appellant,

v.

MUNICIPALITY OF ANCHORAGE, Appellee.

No. 4714.

Court of Appeals of Alaska.

May 7, 1981.

6. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

Elaine Andrews and James D. Oswald, Asst. Public Defenders and Brian Shortell, Public Defender, Anchorage, for appellant.

Allen M. Bailey and Donald L. Starks, Municipal Prosecutors, and Theodore D. Berns, Municipal Atty., Anchorage, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Oscar Cano was charged with attempting to elude a police officer and with reckless driving, in violation of Anchorage Municipal Ordinances 9.28.050(A) and 9.28.010(A) respectively. A public defender was appointed for Cano pursuant to court order. Cano was subsequently convicted of attempting to elude and of careless driving, a lesser included offense of reckless driving, and this conviction was affirmed without comment on appeal to the superior court.

On the day of trial, Cano appeared with his public defender, Elaine Andrews, before the district court. Cano asked the court's permission to proceed *pro se* with the assistance of counsel. Cano asked specifically that he be allowed to represent himself,

with counsel next to him at the table to help him with objections and to keep him from presenting irrelevant matters. He preferred not to be represented solely by counsel because he felt that he was better acquainted with the facts of the case and was better able to present them. Ms. Andrews agreed to assist him in this.

The court denied his request on the grounds that self-representation is inconsistent with the assistance of an attorney, and that defendant had no constitutional right to such a form of representation. The district court reasoned that any other form of representation would not be "workable," and would allow the defendant to have it "both ways." The court was strenuously resistant to any "halfway representation," stating "I don't think I can run a trial with hybrid representation. I'm not going to start that precedent." [1]

The district court required the defendant to choose between representing himself and being represented by counsel. Cano chose to represent himself on the understanding that he could consult with counsel during ordinary recesses, and that she would be present in the spectator section of the courtroom. This plan was also favored by the municipal attorney. At first the judge refused to permit even that, apparently believing that it would be disruptive and would continue to entail representation by counsel. Eventually he acquiesced, on the understanding that no extra recesses would be granted and that Ms. Andrews would not participate in the proceedings. She sat in the back of the courtroom for the remainder of the trial.

After this was cleared up, the court questioned the defendant on his capacity to proceed *pro se*, and allowed him to proceed, consulting with Ms. Andrews during recesses.[2]

Defendant argues on appeal that he has a constitutional right to represent himself at trial and to have the assistance of counsel, without one right being exclusive of the other.[3] Defendant contends that the logical extension of *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), is that the Sixth Amendment must be interpreted to allow defendant to choose whatever degree of attorney participation is desired. Under this reading, courts are constitutionally compelled to accommodate the values served by both the right to counsel and the right to represent oneself, without

---

1. The judge questioned the defendant:

   Do you want to be represented by an attorney or not?
   MR. CANO: I want to represent myself, but I want her to be with me to tell me to object or stop questions who don't come from the case or.....
   THE COURT: You can't do that. You've either got to represent yourself or have an attorney. I'm not going to allow you to have half an attorney.
   MR. CANO: Your Honor, only I want her to be here with me.
   THE COURT: I'm saying that you can't do it that way. You've either got to represent yourself or have an attorney.
   MR. CANO: I want to represent myself, yes, because I have more knowledge of the case. We don't have too much comprehension on—but she knows much better law than me. I—that's why I beg you to let me have her with me. That's the only.....
   THE COURT: I deem that as a request to be represented by an attorney. I'm not going to let the defendant write his own rules in the courtroom.

2. After Cano opted to proceed without counsel, the district court made a minimal inquiry into Cano's ability to represent himself. The judge questioned the defendant only as to his age (32), his education (tenth grade) and his occupation (laborer). The judge was reluctant to allow Cano to proceed *pro se*, but was apparently of the belief that a defendant's right to self-representation is absolute, provided that the choice is intelligently made. It is not clear that the judge would have allowed Cano to represent himself had he realized that certain conditions have been placed upon that right by the courts. *Cf. McCracken v. State*, 518 P.2d 85, 91–92 (Alaska 1974).

3. For explication of this argument, *see, e. g.,* Comment, *Assistance of Counsel: A Right to Hybrid Representation*, 57 Boston U.L.Rev. 570 (1977); Note, *The Pro Se Defendant's Right to Counsel*, 41 U.Cin.L.Rev. 927 (1972); Comment, *Self-Representation in Criminal Trials— The Dilemma of the Pro Se Defendant*, 59 Calif. L.Rev. 1479 (1971); Chused, *Faretta and the Personal Defense: The Role of a Represented Defendant in Trial Tactics*, 65 Calif.L.Rev. 636 (1977).

forcing a defendant to choose between them.

Cano also argues that the district court abused its discretion in refusing to allow Ms. Andrews to assist him in court in a consultative capacity. In view of our holding that the district court did not exercise this discretion, we do not need to reach the issue of whether defendant has a right under the state or federal constitutions to have counsel available for consultation during trial.

■ In the exercise of sound legal discretion, a court must consider the alternatives available to it and choose among them. When the trial court fails to recognize the alternatives from which it may choose, it cannot be said that discretion was in fact exercised. *See State ex rel. U. S. Fire Ins. Co. v. Terte*, 351 No. 1089, 176 S.W.2d 25, 28 (1943). When it is clear from the record that the trial court not only erred as to the scope of its power, but also failed to give defendant's motion the consideration required by law, the court is in error, since a defendant is "at least entitled to the court's consideration of his motion under a correct view of the law." *People v. Massie*, 66 Cal.2d 899, 59 Cal.Rptr. 733, 428 P.2d 869, 881–82 (1967). *See also People v. Love*, 56

Cal.2d 720, 16 Cal.Rptr. 777, 366 P.2d 33, 36–37 (Cal.1961), *rev'd on other grounds, People v. Morse*, 60 Cal.2d 631, 36 Cal.Rptr. 201, 388 P.2d 33, 44 (Cal.1964). *Cf. Thomas v. State*, 592 P.2d 1248, 1250 (Alaska 1979). Such an error will result in reversal with directions to the trial court to reconsider the motion and to enter an appropriate judgment or order. *Thomas v. State*, 592 P.2d at 1250.[4]

■ The broad range of discretion given to a trial court includes the power to appoint consultative counsel when the court deems it appropriate. Alaska R.Crim.P. 39(b)(3) and (4).[5] Even where a defendant chooses to represent himself after the advantages of counsel are explained to him,

he should be given the option of having legal counsel available for consultation. Indeed, where the court is not completely satisfied that the prisoner is capable of *pro se* representation, it is within its sound discretion to insist that the prisoner accept consultative assistance by appointed counsel.

*McCracken v. State*, 518 P.2d 85, 92 (Alaska 1974).[6]

■ There have been numerous cases in which a defendant has been appointed consultative or standby counsel in the course of

---

**4.** *See also Loomis v. State*, 78 Ga.App. 153, 51 S.E.2d 13, 22 (1948), where abuse of discretion was found when the trial court refused to allow the defendant, who was represented by counsel, to cross-examine witnesses under any circumstances:

> [I]t is palpably clear that in ruling on the question presented the court did not rest its decision upon its right in the exercise of a sound legal discretion to conduct the judicial proceeding before it in the furtherance of an orderly rendition of justice, but based its judgment and ruling upon an erroneous legal premise—that, when the defendant has once retained counsel to represent him, he will not thereafter *in any case* be permitted, so long as he retains counsel in the case, to examine the witness or to actually conduct the cause in whole or in part as to any other matter connected therewith. [Our] cases . . . clearly establish that such is not the consequence of the law; and we think that in so ruling the court committed reversible error.

(Emphasis in original; citations omitted.)

**5.** Alaska R.Crim.P. 39(b) reads in part:

> (3) In the absence of a request by a defendant, otherwise entitled to appointment of counsel, the court shall appoint counsel for him unless he demonstrates that he understands the benefits of counsel and knowingly waives the same.
>
> (4) The court, in its discretion, may appoint counsel in any case in which appointment best serves the interest of justice.

**6.** *See also* ABA Standards for Criminal Justice § 6–3.7 (2d ed. 1980):

> When a defendant has been permitted to proceed without the assistance of counsel, the trial judge should consider the appointment of standby counsel to assist the defendant when called upon and to call the judge's attention to matters favorable to the accused upon which the judge should rule on his own motion. Standby counsel should always be appointed in cases expected to be long or complicated or in which there are multiple defendants.

*Accord, United States v. Spencer*, 439 F.2d 1047, 1051 (2d Cir. 1971).

self-representation. *See, e. g., Stepp v. Estelle,* 524 F.2d 447 (5th Cir. 1975); *United States v. Dujanovic,* 486 F.2d 182 (9th Cir. 1973); *Brown v. United States,* 264 F.2d 363 (D.C.Cir.1959) *(en banc). See also Mayberry v. Pennsylvania,* 400 U.S. 455, 467, 91 S.Ct. 499, 506, 27 L.Ed.2d 532, 541 (1971) (Burger, C. J., concurring). There are also many cases in which a defendant has been allowed by the trial court to participate in the defense along with counsel. *See, e. g., Haslam v. United States,* 431 F.2d 362 (9th Cir. 1970), *cert. denied,* 402 U.S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 142, *aff'd on rehearing,* 437 F.2d 955 (1971); *United States v. Grow,* 394 F.2d 182 (4th Cir. 1968); *Bayless v. United States,* 381 F.2d 67 (9th Cir. 1967). *See also The Pro Se Defendant's Right to Counsel, supra* note 3; *Self-Representation in Criminal Trials—The Delemma of the Pro Se Defendant, supra* note 3. Thus, it is a well-established practice to allow advisory counsel to sit at the counsel table and advise a defendant, either at the insistence of the court or by defendant's own choice, and it is also within the court's discretion to allow both defendant and counsel to participate actively in the trial.

■ In ruling on a defendant's request for representation in some combination of *pro se* and by counsel, the judge should be guided primarily by fair trial considerations, to assure a full hearing of the case and to avoid prejudice to the defendant. The trial judge should also consider the necessity for courtroom decorum, as in the case of obstreperous litigants *(see, e. g., Moorefield v. Garrison,* 464 F.Supp. 892 (W.D.N.C.1979)) or where the sheer number of defendants and counsel may prove confusing to the jury. In a cooperative arrangement between defendant and counsel, decorum is most likely to be enhanced rather than diminished by allowing counsel to advise the defendant on proper courtroom procedure. *United States v. Dougherty,* 473 F.2d 1113, 1124–25 (D.C.Cir.1972). The

defendant's preference, a pre-existing attorney-client relationship, and the willingness of counsel to proceed are important additional considerations. To the extent that the defendant will be representing himself, the criteria for self-representation set forth in *McCracken v. State,* 518 P.2d at 91, *O'Dell v. Municipality of Anchorage,* 576 P.2d 104 (Alaska 1978), and other Alaska cases must be met.

■ We do not decide that consultative counsel is mandated in every case where there is a *pro se* defendant, nor do we suggest that both defendant and attorney should actively participate in the trial whenever possible. Nonetheless, the accused has a substantial and legitimate interest in the manner in which trial is conducted; this is an interest which ought not to be taken lightly. There is a broad range of allowable alternatives for defendant-attorney participation, and we emphasize that the court is, under all circumstances, empowered to set and enforce realistic ground rules for trial within the framework set out above.[7]

■ Outright rejection by the court of the concept of consultative representation, without regard to the facts of the case before it, amounts to nothing more than a denial by the court of its own authority. An outright refusal to consider the various alternatives available as a matter of discretion to the court is a failure to exercise any discretion at all.

A fair reading of the record in this case compels us to conclude that the trial court refused to recognize the scope of its properly vested discretion. The court refused to consider either allowing Ms. Andrews and Cano to conduct the defense together, or allowing Ms. Andrews to sit with Cano to offer any needed advice. Ms. Andrews was prepared to proceed with trial, and she had already established an attorney-client rela-

---

7. *See, e. g., United States v. Dougherty,* 473 F.2d at 1126, where multiple defendants represented by counsel expressed concern over their exclusion from bench conferences, and so were allowed by the court to send a "representative" defendant to participate in bench conferences as an observer. The court of appeals approved this judicial flexibility in balancing representation *pro se* and by counsel.

tionship with Cano. Cano was not in any way an obstreperous or indecorous defendant, and there was no indication that allowing him advisory counsel would create conflict or confusion. In fact, given Cano's limited skills with the English language, it seems likely that confusion would have been alleviated if counsel had been available to explain procedure and to help Cano form coherent questions and objections.

Cano and Ms. Andrews proposed ground rules for joint representation to which the court gave no consideration, even though it would have been well within the court's authority to modify them in an appropriate manner if they were found to be unreasonable. While the trial court was rightly unwilling to let Cano "write his own rules in the courtroom," it was the responsibility of the court in setting those rules to take all appropriate possibilities into account in the exercise of its discretion. This is precisely what the trial court here failed to do.

The decision of the district court is therefore REVERSED, and the case is REMANDED for a new trial.[8]

COATS, J., concurs.

COATS, Judge, concurring.

I wish to emphasize that this is a very limited holding. We are not deciding whether the court had an obligation to ap-

point advisory counsel for Cano. We are also not dealing with a situation where Cano's counsel expressed any objection to participating in the trial in a limited manner. Both Ms. Andrews and Cano agreed that the trial could best be conducted with her acting as advisory counsel. We are also not dealing with a situation where the trial judge was exercising his discretion to attempt to make sure Cano had effective assistance of counsel at trial. *Cf. McCracken v. State*, 518 P.2d 85, 91–92 (Alaska 1974). There also is no indication that the arrangement proposed by Cano and Ms. Andrews would have led to any disruption at trial. The trial court certainly has broad discretion to regulate trials and the conduct of counsel in the courtroom. However, in this case the trial court gave no good reason for limiting Cano's contact with his counsel. We have independently been unable to see any reason for limiting Cano's contact with his counsel. Therefore we find an abuse of discretion under the limited facts of the case.

---

**8.** Cano has raised three additional points on appeal alleging errors occurring during jury deliberations. We do not anticipate that these will arise again on retrial and therefore do not reach those issues.