**Shaban DOBROVA, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–135.**

Court of Appeals of Alaska.

Jan. 6, 1984.

William P. Bryson, Anchorage, for appellant.

Eugene P. Murphy, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

SINGLETON, Judge.

Shaban Dobrova has appealed his sentence for unlawful possession of cocaine, AS 17.10.010, and unlawful possession of marijuana, AS 17.12.010. He received concurrent sentences of four years' imprisonment with two years suspended for each offense. Judge Carlson denied Dobrova a stay of execution of sentence and bail pending appeal. Dobrova separately appeals his denial of bail pursuant to Appellate Rules 206(b) and 207. We address only Dobrova's right to bail in this opinion, reserving for later consideration his sentence appeal.

Dobrova argues that the trial court erroneously determined that it lacked jurisdiction to allow bail pending a sentence appeal. Judge Carlson relied upon Appellate Rule 215(j) which provides that a sentence appeal does not confer or enlarge the right to bail pending appeal. This provision essentially paraphrases the first sentence of AS 12.55.-120(c). Judge Carlson may have concluded that he did not have discretion to grant bail during a sentence appeal. Alternatively, he may have concluded that Dobrova's sentence appeal would be decided prior to his serving the minimum sentence which this court would affirm.

We have concluded that it is within the trial court's discretion to grant bail to a person appealing his sentence. *Cf. Martin v. State,* 517 P.2d 1389, 1397–99 (Alaska 1974) (trial court has inherent power to grant bail pending probation revocation proceeding even though neither statute nor constitutional provision allows bail as a matter of right). Since a sentence appeal does not fall within AS 12.30.040, it necessarily follows that the trial court has discretion to deny bail for a sentence appeal without finding "that no one or more conditions of release will reasonably assure the appearance of the person as required or prevent the person from posing a danger to other persons and the community." AS 12.30.040(a). Nevertheless, the trial court, in exercising its discretion, must make a reasoned decision. Since the possibility exists that the trial judge in this case felt he lacked discretion to grant bail pending appeal, it is necessary for us to remand this case for reconsideration. *See Cano v. Anchorage,* 627 P.2d 660 (Alaska App.1981). We express no opinion regarding whether Dobrova should receive bail pending his sentence appeal. We also point out that the trial court may consider Dobrova's opportunity to request an expedited consideration of his sentence appeal by this court in determining whether Dobrova should be released pending resolution of his sentence appeal. The parties have filed their sentencing memoranda and the record on appeal has been completed.

The order of the superior court denying Dobrova bail pending his sentence appeal is REVERSED and this case is REMANDED for further proceedings consistent with this opinion.