**STATE of Alaska, Petitioner,**

v.

**Shaban DOBROVA, Respondent.**

No. S–290.

Supreme Court of Alaska.

Jan. 18, 1985.

**158**

Jeffrey W. Cole, Asst. Atty. Gen., Anchorage, Norman C. Gorsuch, Atty. Gen., Juneau, for petitioner.

William P. Bryson and Marcia Vandercook, Anchorage, for respondent.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MATTHEWS, Justice.

The question presented is whether a trial court has the authority to admit to bail a convicted defendant who is appealing his sentence, but not his conviction. The court of appeals held that trial courts have inherent authority to permit bail during sentence appeals. *Dobrova v. State*, 674 P.2d 834 (Alaska App.1984). We agree for the reasons expressed by the court of appeals.

At common law, bail decisions including questions of bail pending appeal were considered to be part of the inherent power of the courts.[1] Whether that inherent power in Alaska is subject to legislative control, either by an enactment or by amendment of the court rules of procedure,[2] need not be decided in this case. *Compare State v. Wassillie*, 606 P.2d 1279 (Alaska 1980) (Legislative control was at issue, but because it was inadequately briefed the court did not reach the issue.)

The only statute relevant to the question presented here is AS 12.55.120(c),[3] which neither grants nor denies the right to bail pending appeal.[4] Thus, there exists no basis for concluding that the legislature intended to limit the inherent authority of the court.

---

1. *DeAngelis v. State of South Carolina*, 330 F.Supp. 889, 891 (D.S.C.1971); *Rose v. Nickeson*, 29 Conn.Sup. 81, 271 A.2d 855, 856 (1970); Comment, In Re Podesto and the Motion for Bail Pending Appeal: Toward Reducing the Abuses of Judicial Discretion, 3 New Eng.J.Prison L. 273, 280 (1976).

2. Alaska Const. art. IV, § 15 provides:

    Rule-making Power. The supreme court shall make and promulgate rules governing the administration of all courts. It shall make and promulgate rules governing practice and procedure in civil and criminal cases in all courts. These rules may be changed by the legislature by two-thirds vote of the members elected to each house.

3. AS 12.55.120(c) provides:

    A sentence appeal under this section does not confer or enlarge the right to bail pending appeal. When the defendant, in the prosecution of a regular appeal, urges excessiveness of the sentence as an additional ground for appeal, the defendant's right to bail pending

appeal is governed by the relevant statutes and the rules of the court.

4. Justice Compton is of the view that AS 12.30.-040(a) (quoted in his concurrence), which provides that a person who has filed an appeal is entitled to release in accordance with the provisions of the bail statute applicable to defendants before trial, applies to sentence appeals as well as to merit appeals. Neither party has asserted this position. We believe that the term "appeal" used in .040(a) does not apply to sentence appeals since they were not statutorily authorized in 1966 when .040(a) was enacted. When the legislature did authorize sentence appeals by enacting AS 12.55.120 (ch. 117, § 4, SLA 1969) it implied in the last sentence of .120(c), quoted in footnote 3 *supra*, that as to bail a sentence appeal was to be distinguished from a "regular appeal," and that sentence appeals would be governed by the existing bail statute, .040, only when they were combined with merit appeals. If sentence appeals were intended to be governed by .040, the final sentence of .120(c) would serve no purpose.

The opinion of the court of appeals is AFFIRMED.

COMPTON, Justice, concurring.

AS 12.30.040 provides:

Release after conviction. (a) A person who has been convicted of an offense and is awaiting sentence, or who has filed an appeal shall be treated in accordance with the provisions of AS 12.30.020 unless the court has reason to believe that no one or more conditions of release will reasonably assure the appearance of the person as required or prevent the person from posing a danger to other persons and the community. If that determination is made, the person may be remanded to custody. This section does not affect the right of a person appealing from a judgment of conviction from a district court to the superior court to be released on bail pending appeal under Rule 603(b) of the Rules of Appellate Procedure.

(b) Notwithstanding the provisions of (a) of this section, if a person has been convicted of an offense which is an unclassified felony or a class A felony, the person may not be released on bail either before sentencing or pending appeal.

The state argues that this provision of Title 12 [Code of Criminal Procedure], Chapter 30 [Bail] applies only to merit appeals, not sentence appeals. The court of appeals apparently accepted this argument ("... a sentence appeal does not fall within AS 12.30.040"), although it failed to articulate any basis for that conclusion. This court, without remarking on the existence of AS 12.30.040, tersely states that the "... only statute relevant to the question presented here is AS 12.55.120(c)...." [1] Since Chapter 30 is a comprehensive treatment of the subject of bail, I do not understand why it is ignored.

I agree with the statement that AS 12.55.120(c) "... neither grants nor denies the right to bail pending appeal." [2] Since it does neither, I think it only appropriate to turn to the bail statute to see if bail is either granted or denied by it. That statute, above quoted, makes no distinction whatsoever between merit and sentence appeals. Although subsection (a) was enacted before the advent of sentence appeals, it was amended in 1974, 1980, 1982 and 1984. Indeed, subsection (b), a recent enactment, is a specific denial of release on bail under certain circumstances. If the legislature intended to treat sentence appeals in a manner different than merit appeals, there has been ample opportunity to explicitly do so.

An anomaly results from the decision of the court of appeals, now affirmed by this court. A defendant who seeks reversal of his conviction on the merits, with or without a sentence appeal, thereby maintaining his innocence, finds that his opportunity for release after conviction is fettered by the constraints of AS 12.30.040. If, however, he chooses to accept the judgment that he is guilty as charged, and seeks only to have his sentence reviewed, his opportunity for release after conviction is not limited by *any* statutory constraints, but rather lies within the "inherent authority of the court" and thus, I assume, is a matter committed to the sound discretion of the trial judge. I find it odd that a defendant who maintains his innocence by challenging his conviction

---

1. Dobrova asserted the applicability of AS 12.30.040(a) before the court of appeals, an assertion which that court expressly rejected. Before this court the state has expressly denied the applicability of AS 12.30.040(a). Dobrova cites the statute as one of the rules and statutes regarding bail pending appeal, while apparently conceding that no statutory right to bail exists. This court is not bound to accept any concession as to what the law is in a given case, and in view of this court's remarkably liberal approach to whether an issue has been raised, I view the issue as one which may and should be addressed.

2. In a footnote, the court has expressed the view that "If sentence appeals were intended to be governed by .040 the final sentence of .120(c) would serve no purpose." 694 P.2d at 158, n. 4. I view that final sentence, in context, as ambiguous. If it does have a purpose, then the only purpose can be to treat sentence appeals differently from merit appeals, *i.e.,* no bail is permitted in sentence appeals.

is apparently worse off with respect to release after conviction than a person who accepts his guilt and challenges only his sentence.

I am unpersuaded that AS 12.30.040 is inapplicable to a sentence appeal. Since it does not differentiate between a merit appeal and a sentence appeal, I conclude that it is controlling and that there is no need to seek justification for release pending a sentence appeal in the "inherent authority of the court."