John E. GNEGY, Appellant,

v.

STATE of Alaska, Appellee.

No. A–1614.

Court of Appeals of Alaska.

Dec. 26, 1986.

---

William F. Morse, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Maurice M. Richard, Asst. Dist. Atty. and Victor C. Krumm, Dist. Atty., Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

John Gnegy pled no contest and was convicted of sexual abuse of a minor in the first degree, an unclassified felony. *See* AS 11.41.434(a)(1). He was sentenced to serve an eight-year presumptive term. AS 12.55.125(i)(1). He appealed, contending that the trial court erred in denying that his conduct—a single instance of digital penetration of an infant—constituted the least serious conduct included in the definition of the offense. *See* AS 12.55.155(d)(9).

We agreed with Gnegy and remanded for resentencing. *See Gnegy v. State,* Summary Disposition No. 1118 (Alaska App., March 19, 1986). We cautioned, however, that our decision did not necessarily entitle Gnegy to a sentence of eight years with four years suspended, the sentence permitted in a case upon which we relied. *Id. See Benboe v. State,* 698 P.2d 1230 (Alaska App.1985). We recognized that Gnegy's persistence in assaulting the victim, his fleeing the jurisdiction to avoid apprehension, and his lack of remorse, if established, might justify a trial court in concluding that despite the mitigating factor, Gnegy should nevertheless receive the presumptive term. *Gnegy,* Summary Disposition No. 1118. *Cf. Linn v. State,* 658 P.2d 150, 154 (Alaska App.1983) (trial court properly imposed presumptive sentence despite the evidence of two aggravating sentences).

On remand, Judge Victor D. Carlson was assigned the case because Judge Hanson had retired. After holding a hearing, Judge Carlson modified Gnegy's sentence to eight years with two years suspended. Gnegy appeals. We affirm.

Gnegy argues that Judge Carlson was obligated to treat him exactly as Judge Hanson would have treated him had Judge Hanson not retired. In Gnegy's view, Judge Hanson committed himself to a sentence of eight years with four years suspended but for his conclusion that mitigating factors did not apply and therefore the presumptive term was mandatory. Essentially Gnegy argues: (1) that there is nothing in this case that would distinguish it from *Benboe* except matters that had previously been considered by Judge Hanson; and, (2) that Judge Hanson's intimation that a sentence of eight years with four years suspended, if justified, should control. In Gnegy's view, these factors effectively bound Judge Carlson's hands.

We disagree. This case was remanded for resentencing. The trial court was free to reevaluate the entire case in light of the law we found applicable in order to decide it. Judge Carlson, having substituted for Judge Hanson, was free to

exercise his independent judgment under the circumstances. *See, e.g., Stepanov v. Gavrilovich,* 594 P.2d 30, 36 (Alaska 1979) (discussing the "law of the case" doctrine); *Thomas v. State,* 592 P.2d 1248, 1250 (Alaska 1979) (discussing responsibility of judge assigned case after the retirement of the trial judge). The question before us is not what Judge Hanson would have done had he heard the case on remand, but rather, whether Judge Carlson was clearly mistaken in reaching the conclusions he did. Having carefully reviewed the record, we are satisfied that Judge Carlson was not clearly mistaken and the sentence therefore must be affirmed. *See, e.g., McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

■ Judge Carlson could readily conclude that Gnegy's knowledge that his victim had previously been sexually abused, his persistent approaches to the victim, his fleeing the jurisdiction to avoid apprehension, and his unwillingness or inability to concede responsibility, all serve to distinguish this case from that of *Benboe,* who, it must be remembered, was convicted of sexual assault in the second degree and whose sentence was enhanced because of its similarities to a first-degree sexual assault.

The sentence of the superior court is AFFIRMED.