**Donald R. HOSIER, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–6893.

Court of Appeals of Alaska.

May 1, 1998.

Darrel J. Gardner, Assistant Public Advocate, and Brant G. McGee, Public Advocate, Anchorage, for Appellant.

John A. Scukanec, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, C.J., and MANNHEIMER and STEWART, JJ.

MANNHEIMER, Judge.

In this case, we are asked to resolve a potential inconsistency between a felony defendant's right to bail during the prosecution of a merit appeal and the same defendant's right to bail during the prosecution of a sentence appeal.[1] Under the Alaska statute that governs bail release following conviction, AS 12.30.040, the superior court is prohibited from granting bail pending appeal to any person convicted of a felony if (1) their present offense is an unclassified or class A felony, or if (2) they have previously been convicted of an unclassified or class A felony.

---

1. A "merit" appeal challenges the lawfulness of a defendant's conviction or sentence. A "sentence" appeal, on the other hand, concedes the lawfulness of a defendant's sentence but challenges its severity. *Rozkydal v. State*, 938 P.2d 1091, 1093–94, 1097 (Alaska App.1997).

AS 12.30.040(b). However, in *Dobrova v. State,* 674 P.2d 834 (Alaska App.1984), *aff'd* 694 P.2d 157 (Alaska 1985), both this court and the supreme court held that AS 12.30.040 applies only to merit appeals and does not govern the question of bail release during sentence appeals. We further held that, in the absence of a governing statute, trial courts retain the common-law authority to release a defendant on bail during a sentence appeal. 674 P.2d at 835; 694 P.2d at 158.

The appellant in this case, Donald R. Hosier, stands convicted of second-degree theft and second-degree forgery, and he has filed a merit appeal in this court. Hosier's present crimes are class C felonies; *see* AS 11.46.130(c) and AS 11.46.505(b). He has a prior conviction for a class A felony.[2] Thus, AS 12.30.040(b)(2) prohibits the superior court from releasing Hosier on bail pending his appeal.

Hosier argues, however, that this bail statute denies him the equal protection of the law guaranteed by Article I, Section 1 of the Alaska Constitution. Citing *Dobrova,* Hosier contends that if he had filed a sentence appeal instead of a merit appeal, the superior court would have had the discretion to release him on bail notwithstanding the restrictions codified in AS 12.30.040(b). Hosier therefore concludes that merit-appeal defendants are being unfairly penalized for their decision to attack their convictions. He urges us to declare AS 12.30.040(b) unconstitutional.

The State agrees with Hosier that, given the restrictions on post-conviction bail found in AS 12.30.040(b) and given the decision in *Dobrova,* there is a group of felony defendants who will have a better opportunity to secure bail release on appeal if they file sentence appeals as opposed to merit appeals. The State further agrees with Hosier that there does not seem to be a good reason for giving sentence-appeal defendants a greater opportunity for post-conviction bail than similarly situated merit-appeal defendants. However, the State suggests a different remedy for this problem: the State asks us to overrule *Dobrova* and hold that sen-

tence-appeal defendants have no right to bail pending appeal.

 Even if it were within our power to overrule a decision of the Alaska Supreme Court, we would not do so in this case. Instead, as we explain in more detail below, we conclude that the answer to the equal protection problem lies in our power to construe the common law. *Dobrova* recognized a trial court's common-law authority to order bail release for a defendant who pursues a sentence appeal. We now hold that, to avoid the equal protection problem described above, this common-law authority must be exercised within the limitations codified in AS 12.30.040(b). That is, even though a trial court has the discretion to release a defendant on bail during a sentence appeal, it is an abuse of that discretion to release a defendant if that same defendant would be ineligible for bail release during a merit appeal.

The first step in our analysis is to identify the legal bases of the *Dobrova* decision. *Dobrova* rests on a two-fold foundation: a construction of AS 12.30.040, and a corresponding delineation of the courts' common-law authority. In *Dobrova,* this court and the supreme court held that AS 12.30.040 was intended to apply only to merit appeals, and that the question of bail release in sentence appeals was not governed by this statute (or any other). 674 P.2d at 835; 694 P.2d at 158. Thus, no statute either expressly conferred or expressly denied the right to bail release pending a sentence appeal. We next held that, in the absence of a governing statute, trial courts had the inherent authority to release a defendant on bail during a sentence appeal. 674 P.2d at 835; 694 P.2d at 158.

Hosier emphasizes the portion of *Dobrova* which held that the right to bail during sentence appeals is not governed by AS 12.30.040. From this portion of *Dobrova,* Hosier derives another rule: that a judge's discretion to grant bail release during a sentence appeal is not restricted by the provisions of AS 12.30.040(b). Hosier argues that if a defendant in his position (a defendant currently convicted of a class C felony, with a

---

2. Hosier was convicted of first-degree assault, AS 11.41.200(a), in case no. 1WR–89–030 Cr. *See*

*Hosier v. State,* Memorandum Opinion No. 2427 (Alaska App.; May 13, 1992).

prior conviction for a class A felony) filed a sentence appeal, the superior court could disregard the restriction codified in AS 12.30.040(b)(2) and could, in the court's discretion, grant bail release pending appeal.

▮ Hosier's argument overlooks the second basis for the *Dobrova* decision—the doctrine that, in the absence of a governing statute or constitutional provision, the judiciary retains the power to declare the common law and to promulgate supervisory rules of practice to govern litigation.[3] For purposes of deciding Hosier's appeal, it is crucial to note the converse doctrine: the existence of applicable legislation will limit the courts' exercise of their common-law authority.

*Dobrova* was not the first time that the supreme court recognized the common-law power of courts to release a criminal defendant on bail even when this action was not expressly authorized by constitutional provision or statute. In *Martin v. State*, 517 P.2d 1389, 1397–99 (Alaska 1974), the court held that, even in the absence of an applicable constitutional or statutory provision, trial courts had the authority to grant bail release in probation revocation proceedings.

▮ But neither *Martin* nor *Dobrova* stands for the proposition that courts have unbounded "inherent authority" to release defendants on bail, even when the constitution or governing legislation provides otherwise. Rather, these two cases simply recognize that courts have the authority under the common law to establish rules for bail release in situations that are not covered by constitutional or statutory law.

[*Martin* and *Dobrova*] apply the general rule that the common law, *i.e.*, a court's power to declare the law, exists in the absence of a conflicting statute or court rule. *See* AS 01.10.010. [These decisions] recognize that legislative silence regarding availability of bail does not preclude a court from granting it.

*Stiegele v. State*, 685 P.2d 1255, 1261 (Alaska App.1984).

As indicated by *Stiegele* and the cases cited in footnote 3, the common-law authority recognized in *Martin* and *Dobrova* must be exercised in a manner that does not conflict with constitutional or statutory law. When the legislature has acted—for example, by expressly denying bail to certain categories of defendants—then the courts may not exercise their common-law power in a manner inconsistent with the legislature's determination.

For instance, in *Stiegele* the defendant attacked the constitutionality of what is now AS 12.30.040(b)(1), a provision that denies bail pending appeal to persons convicted of unclassified and class A felonies. This court upheld the statute, and we took pains to point out that our decision was fully reconcilable with the supreme court's decision in *Martin* and our decision in *Dobrova:*

> This decision is not inconsistent with decisions recognizing an inherent power in the trial courts to grant bail where no statute or constitutional provision expressly authorizes or prohibits it.... [Where] the legislature has, however, specifically forbidden bail to those convicted of unclassified felonies and class A felonies[,] ... we hold that the trial court has no inherent authority to grant bail in derogation of [the statute].

*Stiegele*, 685 P.2d at 1261.

Since the time that *Dobrova* and *Stiegele* were decided, the legislature has enacted no

---

3. *See Bauman v. Day*, 892 P.2d 817, 828 (Alaska 1995) (the supreme court is authorized to declare the common law "in the absence of a statute directing a contrary rule"); *Surina v. Buckalew*, 629 P.2d 969, 973 (Alaska 1981) (in the absence of statute, it is an appellate court's duty to explicate the common law, which will apply unless and until the Alaska legislature acts to modify it); *Beran v. State*, 705 P.2d 1280, 1288 (Alaska App. 1985) ("The common law consists of judicial pronouncements [covering] situations not deal[t] with [by] a constitutional [provision] or statut[e]". These judicial pronouncements remain the law "unless and until modified by the Alaska legislature".).

This common-law authority is separate from the authority granted to the Alaska Supreme Court under Article IV, Section 15 of the Alaska Constitution to "promulgate rules governing the administration of all courts [and] rules governing practice and procedure". *See State v. J.R.N.*, 861 P.2d 578, 580 n. 5 (Alaska 1993); *Coghill v. Coghill*, 836 P.2d 921, 927 (Alaska 1992); *Citizens' Coalition v. McAlpine*, 810 P.2d 162, 165, 167 n. 10 (Alaska 1991); *State v. Gonzalez*, 825 P.2d 920, 927 n. 4 (Alaska App.1992).

statute to govern a defendant's right to bail release during a sentence appeal. Thus, the right to bail during a sentence appeal continues to be governed by the common law. However, once one recognizes the common-law basis of the *Dobrova* decision, the underlying issue presented in Hosier's appeal becomes clearer. That issue is: when a trial court exercises its common-law authority to grant bail pending a sentence appeal, does the court abuse its discretion if the court exercises that authority in a manner that gives defendants who file sentence appeals greater right to bail release than similarly situated defendants who file merit appeals? We conclude that the answer to this question is "yes". A court abuses its discretion when it exercises its common-law power of bail release in a manner that creates an equal protection problem by treating sentence-appeal defendants more favorably than merit-appeal defendants.

This court has previously ruled (in another context) that courts should not exercise their common-law power in ways that lead to results that the legislature has rejected. In *Totemoff v. State,* 739 P.2d 769 (Alaska App. 1987), the issue was whether the three-judge sentencing panel should recognize a non-statutory aggravator or mitigator if the legislative history of AS 12.55.155 showed that the legislature had considered and rejected a similar factor for inclusion in the statutory list of aggravators and mitigators. We concluded that recognition of such a non-statutory factor would be improper:

> [A] trial court should not propose a non-statutory mitigating factor to the three-judge panel where the legislature specifically rejected that factor for inclusion in AS 12.55.155(d). Where the legislature has expressly addressed a consideration, such as the relationship between a defendant's past conduct and his present offense, and imposed limitations on the trial court's power to consider that relationship in mitigation of sentence, the trial court should not propose the same mitigating factor to the three-judge panel without complying with the limitations; to do so is to suggest a common law development inconsistent with legislation.

*Totemoff,* 739 P.2d at 776. *See also Dancer v. State,* 715 P.2d 1174, 1178 n. 3 (Alaska App.1986).

The wording of the *Dobrova* opinion likewise reflects an intention not to "suggest a common law development inconsistent with legislation". The defendant in *Dobrova* was appealing his conviction of a class C felony (possession of cocaine). 674 P.2d at 834. At the time *Dobrova* was decided, when a defendant was convicted of a class C felony, only one limitation was placed on the defendant's right to bail pending a merit appeal: under AS 12.30.040(a), the trial court could deny bail if it found "that no one or more conditions of release [would] reasonably assure the [defendant's] appearance ... or prevent the [defendant] from posing a danger to other persons and the community."

Even though this court concluded that AS 12.30.040(a) did not govern Dobrova's right to bail pending a sentence appeal, this court spoke of the statutory limitations on merit-appeal bail release as if they constituted, in effect, the outer limit of the trial court's discretion to release Dobrova in a sentence appeal. That is, when speaking of the trial court's common-law authority to release Dobrova on bail during his sentence appeal, this court did not suggest that sentence-appeal defendants could be released on bail more readily than merit-appeal defendants. Rather, this court emphasized the trial court's power to *deny bail* to Dobrova and other sentence-appeal defendants, even in circumstances when they would be entitled to bail release if they had filed merit appeals:

> Since a sentence appeal does not fall within AS 12.30.040, it necessarily follows that the trial court has discretion to *deny bail* [during] a sentence appeal *without finding* "that one or more conditions of release will reasonably assure the appearance of the person as required or prevent the person from posing a danger to other persons and the community." AS 12.30.040(a). Nevertheless, the trial court, in exercising its discretion, must make a reasoned decision.

*Dobrova,* 674 P.2d at 835 (emphasis added).

 This reading of *Dobrova* is most consistent with the doctrine of the judiciary's common-law authority. When the courts ex-

ercise their common-law authority, the guiding principle is that they should not exercise this authority in disregard of existing constitutional and statutory provisions. In AS 12.30.040, the legislature has prohibited certain categories of defendants from obtaining bail release during a merit appeal. And in AS 12.55.120(c), the legislature has declared that the filing of a sentence appeal "does not confer or enlarge the right to bail pending appeal." The apparent purpose of this second statute is to ensure that defendants who file merit appeals and who, by virtue of AS 12.30.040(b), would not be able to obtain bail release pending the litigation of those appeals, will not gain any advantage by also attacking their sentence on appeal. Given the rule that the courts' common-law power should not be exercised in contravention of statute, these legislative enactments suggest that courts should not exercise their common-law authority to grant bail to sentence-appeal defendants in situations where the same defendants would not be able to obtain bail release if they had filed merit appeals. This result is supported by our decision in *Totemoff* and by the language of *Dobrova* itself.

 This result is also supported by another legal doctrine. Courts are "under a duty to construe [statutes] to avoid constitutional infirmity where possible". *Municipality of Anchorage v. Anchorage Police Dep't Employees Ass'n*, 839 P.2d 1080, 1083 (Alaska 1992) (citing *State v. Fairbanks North Star Borough*, 736 P.2d 1140, 1142 (Alaska 1987)). We believe that we are under a similar duty to avoid interpreting the judiciary's common-law authority in a manner that creates constitutional problems.

If trial courts, when asked to grant bail pending a sentence appeal, were authorized to ignore the restrictions on merit-appeal bail codified in AS 12.30.040(b), this would create the "anomaly" addressed by Justice Compton in his concurring opinion in *State v. Dobrova:* the possibility that "a defendant who maintains his innocence by challenging his conviction [would] apparently [be] worse off with respect to [bail] release [pending appeal] than a person who accepts his guilt and

challenges only his sentence". 694 P.2d at 159–160.

Justice Compton's observation encapsulates the equal protection problem that Hosier raises in this appeal. The answer to this problem is not to invalidate AS 12.30.040(b), but rather to construe the trial courts' common-law authority to make it congruent with the statute, thus eliminating any potential disparate treatment between the two groups of defendants.

For the foregoing reasons, we hold that when a defendant asks a trial court to exercise its common-law authority to grant bail release during a sentence appeal, the court must not release the defendant on bail if that same defendant would be barred under AS 12.30.040(b) from obtaining bail release during a merit appeal. This construction of the trial court's common-law power ensures that Hosier and similarly situated defendants will be treated the same, for bail purposes, whether they file merit appeals or sentence appeals.

We thus reject Hosier's equal protection attack on AS 12.30.040(b) and we AFFIRM the decision of the superior court declining to set bail for Hosier during this appeal.