NOTICE

*The text of this opinion can be corrected before the opinion is published in the* Pacific Reporter. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

TRENTON L. SHEPERSKY,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-12766
Trial Court No. 3PA-15-1783 CR

O P I N I O N

No. 2558 — June 9, 2017

Appeal from the Superior Court, Third Judicial District, Palmer, Jonathan A. Woodman, Judge.

Appearances: Gavin Kentch, Law Office of Gavin Kentch, LLC, Anchorage, for the Appellant. Shawn D. Traini, Assistant District Attorney, Palmer, and Jahna Lindemuth, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge.[*]

Judge ALLARD.

This is an appeal of a superior court's order denying the defendant bail pending a sentence appeal. For the reasons explained here, we vacate the court's order

_____

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

and remand this issue to the superior court for reconsideration of the defendant's request in light of the guidance provided here.

*Relevant facts and prior proceedings*

Pursuant to a partial plea agreement, Trenton L. Shepersky pleaded guilty to one count of criminally negligent homicide based on a fatal car collision that Shepersky asserts was caused by an epileptic seizure. At sentencing, Shepersky's attorney argued for a sentence of 1 to 3 years to serve. The superior court imposed a sentence of 9 years' imprisonment with 5 years suspended, 4 years to serve. Shepersky has filed a sentence appeal challenging his sentence as excessive. That appeal is currently in the briefing stage; Shepersky has not moved for expedited consideration of the appeal.

Prior to his remand date, Shepersky asked the superior court for bail pending appeal, requesting that he remain out of custody pending the resolution of his sentence appeal. During the course of his case in the superior court, Shepersky remained out of custody on bail release for nearly two years without incident. In his application for bail pending appeal, Shepersky proposed bail conditions that were more restrictive than his prior pretrial bail conditions. Specifically, he proposed that he be released on electronic monitoring and house arrest, and that he be subject to random drug and alcohol testing.

The State did not oppose Shepersky's request for bail pending appeal, but the prosecutor notified the court that the victim[1] strongly opposed Shepersky's release.

---

[1] Under Alaska law, the term "victim" includes family members of the deceased victim. *See* AS 12.55.185(19)(C).

The superior court denied Shepersky's request for bail pending appeal. In its order, the superior court acknowledged that the proposed bail conditions "would be sufficient to guarantee [Shepersky's] further appearance." However, the court declared that it was not convinced that "the proposed conditions are sufficient to ensure the safety of the community." The court did not provide any explanation for this finding. The court also declared that it was "plac[ing] weight on the victim's opposition to the request, respecting their desire for finality and the immediate imposition of sentence to convey the appropriate condemnation of the community and to prevent others from experiencing similar loss."

Shepersky now appeals this bail ruling.

*Alaska law on bail pending a sentence appeal*

Under AS 12.30.040(a), a trial court may grant bail pending appeal "if the person establishes, by clear and convincing evidence, that the person can be released under conditions that will reasonably assure the appearance of the person and the safety of the victim, other persons, and the community."[2] Although the statute refers to "appeal" in general terms, Alaska courts have previously interpreted the requirements of AS 12.30.040 to apply only to requests for bail pending merit appeals.[3]

---

[2]   *See also* Alaska R. App. P. 206(b).

[3]   *See Dobrova v. State*, 674 P.2d 834, 835 (Alaska App. 1984) *aff'd*, 694 P.2d 157 (Alaska 1985); *but see State v. Dobrova*, 694 P.2d 157, 159-60 (Alaska 1985) (Compton, J., concurring) (concluding that AS 12.30.040 applies to all requests for bail pending appeal, regardless of whether the appeal is a merit appeal or a sentence appeal).

In *Dobrova v. State*, this Court held that trial courts have a common-law authority to grant bail pending a sentence appeal.[4] The Alaska Supreme Court affirmed this holding.[5] However, neither this Court nor the Alaska Supreme Court has provided much guidance on how this common-law authority should be exercised, or what factors a trial court should consider when deciding such a request.

Later decisions by this Court have indicated that the requirements and restrictions that apply to a request for bail pending a merit appeal under AS 12.30.040(a) also apply to a request for bail pending a sentence appeal.[6] But in our decision in *Dobrova*, this Court also indicated that the trial court had the discretion to consider factors outside the traditional factors of flight risk and safety of the community when deciding a request for bail pending a sentence appeal.[7] We reasoned that:

> since a sentence appeal does not fall within AS 12.30.040, it necessarily follows that the trial court has discretion to deny bail for a sentence appeal without finding "that no one or more conditions of release will reasonably assure the appearance of the person as required or prevent the person from posing a danger to other persons and the community." AS 12.30.040(a). Nevertheless, the trial court, in exercising its discretion, must make a reasoned decision.[8]

---

[4] *Dobrova*, 674 P.2d at 835.

[5] *State v. Dobrova*, 694 P.2d at 158 (Alaska 1985).

[6] *See Hosier v. State*, 957 P.2d 1360, 1363-64 (Alaska App. 1998) (explaining that a trial court "abuses its discretion when it exercises its common-law power of bail release [pending sentence appeal] in a manner that creates an equal protection problem by treating sentence-appeal defendants more favorably than merit-appeal defendants").

[7] *Dobrova*, 674 P.2d at 835.

[8] *Id.*

Although we did not directly explain in *Dobrova* what constitutes "a reasoned decision" in this context, our opinion as a whole suggests that a trial court's reasons should be related to the underlying purpose of bail pending a sentence appeal. The purpose of bail pending a sentence appeal is to protect a defendant from serving imprisonment that might later be struck by the appellate court as excessive.[9]

Thus, under *Dobrova*, even if a defendant meets the criteria for bail release set forth in AS 12.30.040, a trial court may deny a request for bail pending a sentence appeal if the court determines that bail release is unnecessary because the sentence appeal will be resolved before the defendant has served the minimum sentence that the appellate court would affirm.[10] Likewise, the court may consider the defendant's opportunity to request expedited consideration of his sentence appeal in assessing the need for bail pending resolution of the sentence appeal.[11]

*We remand this case for reconsideration of Shepersky's request for bail pending his sentence appeal*

In its order denying Shepersky's request, the superior court stated that it was not convinced that Shepersky's proposed bail conditions would "ensure" the safety of the community. The court did not provide any explanation for this finding, nor did the court acknowledge that the applicable legal standard is "*reasonably* assure" rather

---

[9]  *Cf.* 1966 House Journal 110-11 (stating that the intent of AS 12.30.040 is to "assure that all persons, regardless of their financial status, shall not needlessly be detained ... pending appeal, when detention serves neither the ends of justice nor the public interest").

[10]  *See Dobrova*, 674 P.2d at 835.

[11]  *Id.*

than "ensure."[12] Because we cannot determine whether the superior court applied the proper legal standard to Shepersky's request, we conclude that a remand for reconsideration of the request is required. On remand, the court should reconsider this issue under the correct legal standard and should provide appropriate findings in support of its decision.

The superior court's order also suggests that the court denied Shepersky's request for bail based on the victim's desire for finality in this case and the need for community condemnation. Under the Alaska Constitution, a crime victim has the right to be present and to be heard at any bail hearing where the defendant's release from custody is being considered.[13] The court should ensure that these rights are honored and that the victim's concerns are appropriately considered, particularly those concerns related to the victim's safety.[14] But the victim's desire for finality is an insufficient reason to deny a defendant bail release. Likewise, community condemnation, although an appropriate consideration in crafting a sentence, is an inappropriate consideration in the context of a request for bail release pending resolution of an excessive sentence claim. Instead, the court should consider (1) whether Shepersky has established by clear

---

[12]  *See* AS 12.30.040(a).

[13]  *See* Alaska Const. Art. I, § 24 (guaranteeing crime victims "the right to be reasonably protected from the accused through the imposition of appropriate bail or conditions of release by the court" and the right "to be allowed to be heard, upon request, at sentencing, before or after conviction or juvenile adjudication, and at any proceeding where the accused's release from custody is considered").

[14]  *Cf. Cooper v. District Court*, 133 P.3d 692, 706 (Alaska App. 2006) ("Alaska law guarantees crime victims the right to provide ... input when the judge is making the sentencing decision, but the law does not guarantee crime victims a right to attack the sentencing decision if the judge fails to adhere to the crime victim's views regarding the proper sentence").

and convincing evidence that the proposed bail conditions will reasonably assure Shepersky's appearance and reasonably assure the safety of the victim and the community; and (2) the extent (if any) that Shepersky's legal rights will be prejudiced should he be denied bail pending appeal but ultimately prevail on his underlying claim that his sentence is excessive.

Accordingly, we VACATE the superior court's order and REMAND this case to the superior court for reconsideration of the defendant's request for bail in accord with the guidance provided here.  We do not retain jurisdiction of this bail appeal.