727 P.2d 800 (1986)
D.E.P., A Minor, Appellant,
v.
STATE of Alaska, Appellee.
No. A-1273.
Court of Appeals of Alaska.
November 7, 1986.
*801 Susan C. Kery, Louise E. Ma, Asst. Public Advocates, and Brant McGee, Public Advocate, Anchorage, for appellant.
David Mannheimer, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.
Before BRYNER, C.J., SINGLETON, J., and TUNLEY, Superior Court Judge.[*]

OPINION
BRYNER, Chief Judge.
On May 2, 1985, D.E.P., a minor, was arrested for first-degree sexual assault and first-degree burglary. The state filed a petition seeking to prosecute D.E.P. as an adult. See AS 47.10.060. Following a hearing, Superior Court Judge Peter A. Michalski concluded that D.E.P. was not amenable to treatment as a minor and ordered waiver of children's court jurisdiction. D.E.P. appeals, contending that the superior court applied an incorrect standard of proof and that its decision was not supported by the evidence. We affirm.
The evidence presented below establishes that, in the early morning hours of May 2, 1985, D.E.P. (then sixteen years old) and Roger Totemoff (an adult) broke into the home of L.D.L.D. was asleep with her children in an upstairs loft. She initially told the intruders to leave. However, D.E.P. and Totemoff threatened to shoot L.D.'s children if she did not come down from the loft. L.D. came downstairs. Over the course of the next several hours, D.E.P. and Totemoff subjected L.D. to repeated, forcible sexual acts, including fellatio and vaginal and anal intercourse. D.E.P. and Totemoff were arrested later the same day, after L.D. reported the incident to the Alaska State Troopers.
The evidence concerning D.E.P.'s background indicates that D.E.P. grew up in a troubled family setting. He has numerous prior contacts with the juvenile justice system for offenses including shoplifting, trespass, theft, burglary, and carrying a firearm while intoxicated.
Six mental health professionals  three psychiatrists and three psychologists  testified at D.E.P.'s waiver hearing. Although their evaluation of D.E.P.'s condition differed somewhat and their views as to his ultimate prognosis ranged from pessimism to guarded optimism, all of the experts agreed that D.E.P. was at least potentially amenable to psychological treatment. All but one also agreed that D.E.P.'s best chance for successful rehabilitation would be through treatment in the juvenile system.[1] Of the five experts who *802 agreed on this point, however, all expressed the belief that, at best, D.E.P. would require an extended period of confinement; none of the five experts was willing to predict that D.E.P. would probably be fully rehabilitated by age twenty if treated as a juvenile.
In this regard, perhaps the most favorable witness to D.E.P. was his own psychiatrist, Dr. Deborah Geeseman. Dr. Geeseman believed D.E.P. would need a minimum period of two to three years of treatment in a closed setting, followed by an additional period of supervised gradual reintegration to society. Since D.E.P. was seventeen years of age at the time of his waiver hearing, it is apparent that even Dr. Geeseman's plan of treatment could not likely have been effectuated before D.E.P.'s twentieth birthday.
After giving due consideration to the circumstances surrounding the alleged crimes and to the evidence concerning D.E.P.'s background and current prospects for treatment, Judge Michalski entered extensive written findings of fact and conclusions of law. Judge Michalski's conclusions of law stated, in relevant part:
1. The evidence establishes probable cause that [D.E.P.] committed sexual assault in the first degree and burglary in the first degree as alleged in the petition.
2. The evidence shows that the offenses committed were extremely serious and dangerous to the safety of the community.
3. The record shows that [D.E.P.] has an extensive record of difficulty in getting along with others and at least three other adjudications of delinquent behavior, which reflect a pattern of escalating violence and seriousness.
4. The probable cause of the delinquent behavior in this case lies in the incipient antisocial personality which he is developing.
5. The facilities available to treat children would have a very difficult time treating [D.E.P.] under ideal circumstances and could not do so before he reaches age twenty.
On appeal, D.E.P. first argues that the superior court erred in failing to apply the clear and convincing evidence standard to his case. D.E.P. acknowledges that the preponderance of the evidence standard has previously been found to be applicable to children's waiver proceedings. See Matter of F.S., 586 P.2d 607 (Alaska 1978), rev'd on other grounds, State v. F.L.A., 608 P.2d 12 (Alaska 1980). He nevertheless contends that the clear and convincing evidence standard is constitutionally mandated. In W.M.F. v. State, 723 P.2d 1298 (Alaska App. 1986), however, we rejected an argument identical to the one advanced by D.E.P. here. We find W.M.F. to be controlling in the present case.
D.E.P.'s second argument is that the superior court abused its discretion in concluding that D.E.P. is not amenable to treatment. In advancing this claim, D.E.P. does not dispute the existence of probable cause to believe that he committed the alleged crimes. The focus of D.E.P.'s argument appears to center on the legal significance that should be accorded to the expert testimony concerning his amenability.
Because the general consensus of the experts was that D.E.P. was potentially amenable to treatment and could best be treated in a juvenile facility, D.E.P. reasons that the trial court should have denied the state's waiver petition. The state, by contrast, correctly notes the lack of any substantial evidence that rehabilitation, if it occurred at all, would likely be accomplished prior to D.E.P.'s twentieth birthday.
We find D.E.P.'s argument to be controlled by J.D.S. v. State, 723 P.2d 1278 (Alaska 1986). There, the Alaska Supreme Court held that, in proceedings under AS 47.10.060, even if a child's best chance for rehabilitation would be in a juvenile institution, waiver must be ordered when the *803 evidence shows a likelihood that the child cannot be rehabilitated before reaching twenty years of age.
Here, as in J.D.S., the consensus of the expert testimony was that treatment in a juvenile setting would be preferable and would optimize the potential for rehabilitation. Under J.D.S., however, it is clear that the desirability of treating D.E.P. in a juvenile facility cannot be determinative on the issue of waiver unless the evidence further establishes a likelihood that rehabilitation of D.E.P. will be accomplished by his twentieth birthday.
Since the clear weight of the evidence presented below supports Judge Michalski's conclusion that D.E.P. cannot be rehabilitated by his twentieth birthday, we find no abuse of discretion in the order waiving children's court jurisdiction.
The order waiving children's court jurisdiction is therefore AFFIRMED.
COATS, J., not participating.
NOTES
[*] Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.
[1] The non-concurring expert was Dr. Bruce Smith, the psychologist in charge of the sexual offender program at the Hiland Mountain Correctional Facility. Dr. Smith expressed the belief that D.E.P. could best be treated in the Hiland Mountain Program and that he could probably be rehabilitated within two years. Paradoxically, the Hiland Mountain Program is for adult offenders, not juveniles. In his written findings, Judge Michalski rejected Dr. Smith's conclusions. D.E.P. does not contest this finding on appeal.