**Ralph DUNCAN, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–2771.

Court of Appeals of Alaska.

Nov. 9, 1989.

Cynthia Strout, Asst. Public Defender, and John B. Salemi, Public Defender, Anchorage, for appellant.

Susan A. Parkes, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

The sole question presented in this sentence appeal is whether the three-judge sentencing panel may consider the mitigated nature of a defendant's prior felony conviction as a factor in the overall determination of whether imposition of the presumptive term for a subsequent felony conviction would be manifestly unjust. We conclude that the three-judge panel is not barred from considering the circumstances surrounding the defendant's prior conviction.

Some time between December 18, 1987, and January 1, 1988, Ralph Duncan stole approximately $7,500 in jewelry from the home of his former mother-in-law. Duncan subsequently pled no contest to a charge of theft in the second degree, a class C felony. Because of a 1977 Indiana conviction for forgery, Duncan was subject to a presumptive term of two years. Duncan was convicted for writing two checks belonging to a person with whom he was living at the time. One check was for $12; the other for $7. Duncan was eighteen years old at that time.

At the sentencing hearing for Duncan's current theft charge, the state did not allege any aggravating factors. Duncan alleged one mitigating factor: that his theft was among the least serious in its class. Duncan alternatively requested referral of his case to the three-judge panel. He maintained that imposition of the two-year presumptive term would be manifestly unjust in light of the minimal nature of his prior felony, his youthfulness at the time it was committed, the fact that more than ten years had elapsed between the prior and current convictions, and his good conduct and employment history in the intervening years.

Judge S.J. Buckalew, Jr., rejected Duncan's proposed mitigating factor but concluded, under the totality of the circumstances, that the presumptive term would be manifestly unjust. Accordingly, the judge referred Duncan's case to the three-judge sentencing panel.[1]

_____

1. Judge Buckalew found, in relevant part:

This other incident occurred a long, long time ago. He's twenty-nine so I figure he

After hearing argument in the case, the three-judge panel rejected jurisdiction.[2] The panel concluded that it was foreclosed from considering the mitigated nature of Duncan's prior conviction as a non-statutory mitigating factor by this court's decision in *Totemoff v. State*, 739 P.2d 769 (Alaska App.1987). The panel further concluded that *Totemoff* precluded it from considering the mitigated circumstances surrounding Duncan's prior conviction in its overall determination of whether imposition of the two-year presumptive term would be manifestly unjust. The panel found that manifest injustice would not result from imposition of the two-year term, but the majority of the panel made it clear that it would have found manifest injustice had it been free to consider the *de minimus* nature of Duncan's prior forgery conviction as a factor in its overall determination.[3]

---

ought to know better to do what he did, when he reaches that age. But he does appear to be a hard worker, he works with his hands apparently changing tires. Looking at all the circumstances a two-year presumptive term considering the age of the prior offense which you could almost describe as somewhat *de minimus* and it's kind of an interfamily problem but Mr. Duncan apparently has a propensity to take advantage of these situations. But looking at the whole ball of factors I'm persuaded that it would be manifestly unjust to give him a two-year presumptive term on this matter. So I'm going to refer it to the three-judge panel.

Referral to the three-judge panel is governed by AS 12.55.165, which provides:

> *Extraordinary circumstances.* If the defendant is subject to ... [presumptive sentencing] and the court finds by clear and convincing evidence that manifest injustice would result from failure to consider relevant aggravating or mitigating factors not specifically included in AS 12.55.155 or from imposition of the presumptive term, whether or not adjusted for aggravating or mitigating factors, the court shall enter findings and conclusions and cause a record of the proceedings to be transmitted to a three-judge panel for sentencing under AS 12.55.175.

2. The three-judge panel's jurisdiction to accept a case and impose sentence is established under AS 12.55.175, which provides:

> *Three-judge sentencing panel.* (a) There is created within the superior court a panel of five superior court judges to be appointed by the chief justice in accordance with rules and for terms as may be prescribed by the supreme court. Three judges of the panel shall be designated by the chief justice as members. The remaining two judges shall be designated by the chief justice as first and second alternates to sit as members in the event of disqualification or disability in accordance with rules as may be prescribed by the supreme court.
>
> (b) Upon receipt of a record of proceedings under AS 12.55.165, the three-judge panel shall consider all pertinent files, records, and transcripts, including the findings and conclusions of the judge who originally heard the matter. The panel may hear oral testimony to supplement the record before it. If the panel finds that manifest injustice would result from failure to consider relevant aggravating or mitigating factors not specifically included in AS 12.55.155 or from imposition of the presumptive term, whether or not adjusted for aggravating or mitigating factors, it shall sentence the defendant in accordance with this section. If the panel does not find that manifest injustice would result, it shall remand the case to the sentencing court, with a written statement of its findings and conclusions, for sentencing under AS 12.55.125.
>
> (c) The three-judge panel may in the interest of justice sentence the defendant to any definite term of imprisonment up to the maximum term provided for the offense or to any sentence authorized under AS 12.55.015.
>
> (d) Sentencing of a defendant or remanding of a case under this section shall be by a majority of the three-judge panel.

3. Speaking for the panel, Superior Court Judge Mary Greene stated, in relevant part:

> Not only did we believe that *Totemoff* precludes consideration of the nature of the prior offense, as a non-statutory mitigator, we felt that *Totemoff* precluded consideration of the nature of the offense in the overall manifest injustice determination. And I believe ... that a majority of the panel, if considering the nature of the offense, along with all of the other factors, in a straight manifest injustice determination, would have found manifest injustice from the imposition of the presumptive term. And we say this because we are not entirely convinced that we are interpreting *Totemoff* correctly.

Superior Court Judge Douglas J. Serdahely echoed the views expressed by Judge Greene:

> Yes, I concur with Judge Greene's remarks. And would specifically, if we are not interpreting *Totemoff* correctly, I would specifically invite the Court of Appeals to clarify its position in that case, and indicate whether under certain circumstances at least, perhaps in the factual context of a case such as this, some limited exception to the rule should be adopted or clarified and/or some limited opportunity should be given to a sentencing court to consider the nature of the prior offense when in my judgment, as in here, and as

On remand from the three-judge panel, Superior Court Judge Peter A. Michalski sentenced Duncan to the two-year presumptive term. Duncan appeals, contending that the three-judge panel erred in its interpretation of *Totemoff.* A review of our decision in *Totemoff* is necessary to an understanding of the issue.

Totemoff was convicted of sexual assault in the first degree, an unclassified felony. He was subject to a fifteen-year presumptive term by virtue of a prior conviction for a class C felony: second-degree burglary. The burglary conviction had been entered two years before Totemoff's commission of the sexual assault, and it involved minimally serious conduct. The sentencing court in Totemoff's case concluded that the *de minimus* nature of Totemoff's prior conviction amounted to a non-statutory mitigating factor warranting reduction of his presumptive term. On that basis, the court referred Totemoff's case to the three-judge panel. The panel concluded that manifest injustice would not result from imposition of the presumptive term and returned Totemoff's case to the superior court.

On appeal, we noted two discrete functions performed by the three-judge panel: first, it considers the broad question of whether, based on the totality of the circumstances, imposition of the presumptive term would result in manifest injustice, *id.* at 775; second, it decides the more specific question of whether any non-statutory mitigating factor has been established to warrant reduction of the presumptive term. *Id.* With regard to the first of these functions, we concluded that, in light of the extremely serious nature of Totemoff's sexual assault, the three-judge panel did not err in finding that the fifteen-year presumptive term was not manifestly unjust. *Id.* at 775–76.

Our analysis turned next to the second question faced by the panel: whether the minimal seriousness of Totemoff's prior conviction could be deemed a non-statutory mitigating factor warranting reduction of the presumptive term. We observed that the legislature had originally enacted a statutory mitigating factor allowing the reduction of a presumptive term for a second and subsequent felony offender when a prior conviction was for a less serious class of felony. *See* former AS 12.55.155(d)(8). However, the legislature subsequently repealed this mitigating factor, expressly indicating its desire to refrain from rewarding offenders for committing progressively more serious offenses. *Totemoff,* 739 P.2d at 776 n. 5.

Given the legislature's decision to repeal the mitigating factor, we reasoned that the three-judge panel could not be permitted to undo what the legislature had done, by resurrecting the former statutory factor as a non-statutory factor:

> In summary, a trial court should not propose a nonstatutory mitigating factor to the three-judge panel where the legislature specifically rejected that factor for inclusion in AS 12.55.155(d). Where the legislature has expressly addressed a consideration, such as the relationship between a defendant's past conduct and his present offense, and imposed limitations on the trial court's power to consider that relationship in mitigation of sentence, the trial court should not propose the same mitigating factor to the three-judge panel without complying with the limitations; to do so is to suggest a common law development inconsistent with legislation.

*Id.* at 776.

We were careful to emphasize, however, that our holding addressed only cases in

apparently Judge Buckalew did in his findings at the trial court below, it appears to us that the nature of the prior offense is in fact *de minimus.* And—but under the—under our current understanding—my current understanding, at least, of the common law as evolved by the Court of Appeals, we are precluded from considering that fact and the nature of the offense as a result of the *Totemoff* decision. And as a result of which, I feel

obliged to join the panel in reaching its conclusion that the presumptive two-year term is not manifestly unjust. However, I think Judge Greene and I would have found manifest injustice in this case through the application of a two-year term if we were allowed to consider the nature of the prior offense. And again, I would invite the Court of Appeals to address that issue if this case ever gets up on appeal.

which the less serious nature of a prior conviction was considered as a non-statutory mitigating factor:

[I]t is important to differentiate between the two discrete bases upon which a presumptive sentence may be deemed manifestly unjust. Certainly the trial court, in determining whether to refer a case to a three-judge panel under the *Lloyd* [*Lloyd v. State*, 672 P.2d 152 (Alaska App.1983)] prong of the test [dealing with the overall determination of manifest injustice], may consider the extent to which defendant's proof of mitigating factors fall short of success. Thus, if a defendant comes close to establishing a number of mitigating factors but fails to do so, the trial court may consider that fact, together with the totality of the circumstances, in determining that the presumptive sentence, irrespective of aggravating and mitigating factors, is manifestly unjust. Where, however, the trial court does not consider the presumptive term manifestly unjust, but rather wishes the three-judge panel to consider nonstatutory mitigating factors, it should not propose factors which the legislature has considered and rejected or modified to the point where they are unavailable to the defendant.

*Id.* at 777.

In the present case, the three-judge panel correctly found itself precluded from considering the mitigated circumstances of Duncan's prior felony conviction as a nonstatutory mitigating factor; but the panel also viewed itself as barred by *Totemoff* from considering the nature of the prior crime as one aspect among many in the overall determination of manifest injustice. In our judgment, nothing in *Totemoff* bars such consideration.

Although, in repealing the former statutory mitigating factor, the legislature made plain its view that a less serious prior conviction should not be elevated to the stature of a mitigating factor, this does not

indicate that the legislature believed that the circumstances surrounding a defendant's prior offense should be deemed altogether irrelevant for sentencing purposes. As we said in *Totemoff*, in order to decide whether the presumptive term would be manifestly unjust, the court must consider the totality of the circumstances surrounding the case:

[T]he court must determine whether the sentence, taking into account all of the appropriate sentencing considerations, including the defendant's background, his education, his character, his prior criminal history, and the seriousness of his offense, would be obviously unfair in light of the need for rehabilitation, deterrence, isolation, and affirmation of community norms.

*Id.* at 775. The nature and seriousness of an offender's prior criminal misconduct are a legitimate part of the totality of the circumstances; as such, they may be considered in the overall determination of manifest injustice.

Obviously, neither an individual sentencing judge nor the three-judge panel would be justified in basing a finding of manifest injustice entirely or primarily on the mitigated nature of a prior felony conviction. A finding made on that basis would elevate the mitigated nature of the prior offense to the level of a non-statutory mitigating factor, thereby subverting the intent of the legislature. In our view, however, the need to avoid such a result does not warrant foreclosing the three-judge panel from considering the circumstances surrounding an offender's prior offense.

Because it appears from the findings of the three-judge panel that its rejection of jurisdiction in Duncan's case was based on its unwillingness to consider the circumstances surrounding his prior conviction, this case must be remanded to the panel for reconsideration in light of the views expressed herein.[4]

---

4. We express no view as to whether a finding of manifest injustice would be warranted under the totality of the circumstances, as that issue was addressed only in passing by the three-

judge panel and has not been briefed by the parties on appeal.

We believe it appropriate to call one additional issue to the attention of the parties. Duncan apparently did not contest the state's assertion

The sentence is VACATED; this case is REMANDED to the three-judge panel for reconsideration.

that he had previously been convicted of a felony. The appellate record contains no certified copy of the prior judgment of conviction, and it is unclear what the basis was for the sentencing court's conclusion as to the existence of the prior conviction. We note, however, that the presentence report indicates that "Indiana states the records including PSI are purged to 1980."

It is unclear whether this cryptic reference indicates that Duncan's Indiana conviction has been set aside. See *Larson v. State*, 688 P.2d 592, 597 (Alaska App.1984) (conviction that has been set aside cannot be relied upon as a basis for presumptive sentencing).