**Yosbany MOORE, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–10351.

Court of Appeals of Alaska.

Aug. 26, 2011.

Beth G.L. Trimmer, Assistant Public Advocate, and Rachel Levitt, Public Advocate, Anchorage, for the Appellant.

Tamara E. de Lucia, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Daniel S. Sullivan, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

## OPINION

BOLGER, Judge.

Yosbany Moore stopped M.S. in an alleyway and began to grope her. He beat her severely when she resisted his advances, then dragged her down an alley toward some bushes until two men intervened and subdued him. Moore contends that this evidence was insufficient to support his conviction for attempted first-degree sexual assault. But we conclude that a juror could have reasonably inferred that Moore intended to sexually penetrate M.S. without her consent.

Moore also argues that the three-judge panel should have concluded that the applicable presumptive sentencing range of thirty-five to fifty years' imprisonment was manifestly unjust, that the presumptive range violates the ban on cruel and unusual punishment, and that his forty-year sentence is excessive. We conclude that the three-judge panel was not clearly mistaken when they decided that Moore's offense was not unusually mitigated and that his background was not so unusual as to mitigate his sentence.

We also conclude that the presumptive range of thirty-five to fifty years' imprisonment is not shockingly disproportionate to the offense, when one considers the sentencing scheme for sexual offenders who have committed previous felonies. We have no jurisdiction to address Moore's excessive sentence claim. But we agree with the State's arguments that some aspects of Moore's sentence violate the requirements of the sentencing statutes.

## Background

Moore stopped M.S. at 2:30 a.m. and blocked her way to her apartment door. Moore put his arm around M.S. and began groping her breasts, her butt, and her vaginal area. M.S. tried to push Moore away and told him to get off of her. But Moore said, "Fuck you bitch," hit M.S. in the head, then threw her on the ground and kicked her repeatedly. Moore then grabbed M.S. by the hair and began dragging her down the alley outside her apartment door. However, two men intercepted Moore and restrained him until the police arrived.

Moore was indicted on one count of attempted first-degree sexual assault [1] and two counts of second-degree sexual assault.[2] At the close of the State's case, Moore moved for a judgment of acquittal, claiming there was insufficient evidence to show he had the specific intent to sexually penetrate M.S. Superior Court Judge Michael L. Wolverton ruled that there was sufficient circumstantial evidence to support the charge. The jury ultimately found Moore guilty on all three counts.

The State filed a notice of presumptive sentencing, stating that Moore had five prior felony convictions from North Carolina: two prior convictions for larceny of a motor vehicle, a conviction for possession of marijuana with the intent to distribute or manufacture, a conviction for possession of cocaine with intent to distribute or manufacture, and breaking and entering. The notice stated that because Moore had two or more prior felonies, the applicable presumptive range for the attempted first-degree sexual assault count was thirty-five to fifty years' imprisonment [3] and the presumptive range for the second-degree sexual assault counts was

---

1. AS 11.31.100; AS 11.41.410(a)(1).

2. AS 11.41.420(a)(1).

3. AS 12.55.125(i)(2)(E).

twenty to thirty-five years.[4] The State later filed a notice alleging an aggravating factor for sentencing purposes, since Moore had three or more prior felony convictions.[5]

Moore admitted the prior felony convictions and conceded the aggravating factor. But Moore claimed that, given his history and age of twenty-four, even a thirty-five year sentence would be manifestly unjust. Accordingly, Moore requested that the court refer his sentencing to the three-judge sentencing panel.

Moore's sentencing judge, Judge Wolverton concluded that he could not refer Moore's case to the three-judge panel based on his potential for rehabilitation (as a nonstatutory mitigating factor) because Moore had three or more prior felonies.[6] But the judge decided to refer Moore's case to the panel based on his conclusion that manifest injustice could result from the presumptive sentence because of Moore's age, his lack of prior violent felonies, and the fact that Moore was never previously incarcerated for longer than six months.

A majority of the three-judge panel concluded that it would not be manifestly unjust to sentence Moore within the presumptive range because nothing substantially distinguished Moore from other individuals with similar backgrounds who committed attempted first-degree sexual assault. The panel therefore remanded the case to Judge Wolverton to proceed with sentencing.

Judge Wolverton sentenced Moore to forty years' imprisonment for attempted first-degree sexual assault with no time suspended. The court also sentenced Moore to concur-

rent sentences of twenty years apiece for the second-degree sexual assault counts. Moore now appeals.

## Discussion
### *There was sufficient evidence suggesting Moore's intent to commit sexual assault.*

■ To convict Moore of attempted first-degree sexual assault, the State was required to show that (1) Moore had the specific intent to sexually penetrate M.S. without her consent and (2) Moore engaged in conduct that amounted to a substantial step toward the commission of first-degree sexual assault.[7] When we review a ruling on a motion for a judgment of acquittal, we view the evidence in the light most favorable to the verdict.[8] A motion for judgment of acquittal must be denied if the court determines that fair-minded jurors could conclude that guilt had been established beyond a reasonable doubt.[9] The same standard applies regardless of "whether the evidence of guilt is direct or circumstantial." [10]

Moore's argument mistakenly construes the evidence in the light most favorable to himself. Moore focuses on several cases where the defendant explicitly stated his intent to sexually penetrate the victim and argues that his case is distinguishable because there was insufficient evidence to "support an inference that he intended to sexually penetrate [M.S.]" [11]

■ But reasonable jurors could infer from the circumstantial evidence in this case that Moore intended to sexually penetrate M.S. A reasonable juror could infer that

**4.** AS 12.55.125(i)(3)(D).

**5.** AS 12.55.155(c)(15).

**6.** *See generally* AS 12.55.165(b) (forbidding a referral on this basis if the court finds an aggravating factor under AS 12.55.155(c)(15)).

**7.** *See* AS 11.31.100; AS 11.41.410(a)(1).

**8.** *Dorman v. State*, 622 P.2d 448, 453 (Alaska 1981).

**9.** *Pavlik v. State*, 869 P.2d 496, 497 (Alaska App. 1994).

**10.** *Id.; see also Des Jardins v. State*, 551 P.2d 181, 184 (Alaska 1976).

**11.** *See, e.g., Portalla v. State*, Mem. Op. & J. No. 5147, 2006 WL 3691697, at *1 (Alaska App. Dec. 13, 2006) (affirming the denial of a motion to acquit where the defendant beat the victim, dragged her into the bushes, straddled her, grabbed her breast, and exclaimed, "Now, that's what I'm talking about."); *Kingeekuk v. State*, Mem. Op. & J. No. 3246, 1995 WL 17221282, at *1, *3 (Alaska App. Sept. 20, 1995) (upholding the denial of a motion to acquit where the defendant asked, "[W]ant to do something with me?" before assaulting the victim).

Moore initially had a sexual purpose when he began groping M.S., that he continued his assault in spite of her resistance, and that he beat M.S. and dragged her toward the bushes so that he could further his sexual assault on her. This circumstantial evidence was sufficient to reasonably establish Moore's purpose and to support his conviction, even though he did not make any express statement of his intent.

### Moore's sentence for attempted sexual assault is not manifestly unjust.

Moore argues that his sentence is manifestly unjust since his prior felony convictions were for non-assaultive conduct. Moore claims that the goals of rehabilitation and isolation have not been "tested" in his case since he has never been in jail for any significant period of time.

In order to find manifest injustice, the three-judge panel must find that the defendant or his conduct is significantly different than that of a typical offender.[12] The panel "must determine whether the sentence, taking into account all of the appropriate sentencing considerations, including the defendant's background, his education, his character, his prior criminal history, and the seriousness of his offense, would be obviously unfair in light of the need for rehabilitation, deterrence, isolation, and affirmation of community norms."[13]

Moore is essentially arguing that the three-judge panel should have adopted a non-statutory mitigating factor. In other words, he is effectively claiming that the less serious nature of his prior convictions makes the presumptive range manifestly unjust. We considered a similar claim in *Totemoff v. State*.[14]

Roger Totemoff was a second felony offender, but his prior conviction was for a less serious class of felony.[15] He contended that this circumstance should be recognized as a non-statutory mitigating factor. We noted that when the Alaska Legislature originally enacted the presumptive sentencing law, it included a statutory mitigator for defendants whose prior convictions were less serious than the offense under consideration.[16] But the legislature later repealed this provision on the ground that the mitigator would reward a criminal for increasing the seriousness of his misconduct.[17]

Based on this evidence of legislative intent, we concluded that it would be inappropriate for this court to adopt the non-statutory mitigator that the legislature had specifically rejected.[18] We similarly reject Moore's argument that the three-judge sentencing panel should have mitigated his sentence because of the lack of assaultive conduct in his prior felony history.[19]

More generally, the three-judge panel was not clearly mistaken when it concluded that Moore was a typical offender who did not deserve special consideration. The panel is not authorized "to disregard the legislature's assessment concerning the relative seriousness of the crime or the general appropriateness of the prescribed penalty."[20] Moore approached a stranger late at night, began groping her, and then physically assaulted her when she resisted. Moore had

**12.** *Manrique v. State*, 177 P.3d 1188, 1194 (Alaska App.2008).

**13.** *Totemoff v. State*, 739 P.2d 769, 775 (Alaska App.1987).

**14.** *Id.*

**15.** *See id.* at 776 (noting that the defendant's prior felony conviction was for second-degree burglary, but his later conviction was for one count of first-degree sexual assault).

**16.** *Id.; see also* former AS 12.55.155(d)(8) (1980) (providing for a mitigating factor where "a prior felony conviction considered for the purpose of invoking the presumptive terms of this chapter

was of a less serious class of offense than the present offense").

**17.** *Totemoff*, 739 P.2d at 776 n. 5 (quoting 1982 House Journal Supp. 2356).

**18.** *Id.*

**19.** *See Walsh v. State*, 677 P.2d 912, 919 (Alaska App.1984) (rejecting claim that a presumptive sentence is manifestly unjust when the defendant's prior convictions are not similar to the present offense).

**20.** *Beltz v. State*, 980 P.2d 474, 480 (Alaska App. 1999).

five prior felony convictions, and he did not appear to be amenable to rehabilitation. Moore thus failed to show any specific circumstances that made his background significantly more promising than a typical third felony offender or that made his conduct significantly less serious than a typical offense of this type.[21] We conclude that the three-judge panel was not clearly mistaken when it decided that the sentencing judge should impose a sentence within the presumptive range.

### The presumptive range of imprisonment for attempted sexual assault is not cruel and unusual punishment.

■ Moore also argues that the presumptive range for attempted first-degree sexual assault constitutes cruel and unusual punishment. He bears a high burden to establish this claim: we "grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes."[22]

In *Sikeo v. State*, this court recently analyzed the proportionality of the prescribed penalty for an offender who committed first-degree sexual abuse of a minor and had two or more prior convictions for sexual felonies.[23] We noted that "the United States Supreme Court has repeatedly rejected 'cruel and unusual punishment' challenges to sentencing statutes that prescribe greatly increased sentences for repeat felony offenders."[24] "The Supreme Court has declared that these increased penalties are 'proportionate' for purposes of the Eighth Amendment because state legislatures are entitled to take account of the defendant's history of criminal conduct and recidivism when assessing the defendant's danger to the public and the need to deter or forestall future crime."[25]

■ Likewise, the Alaska Constitution "does not require that criminal penalties be directly proportionate to the offense."[26] Accordingly, "[o]nly punishments that are 'so disproportionate to the offense committed as to be completely arbitrary and shocking to the sense of justice' are cruel and unusual for purposes of Article I, Section 12 of our Constitution."[27]

The legislature provided an escalating presumptive sentencing range for sexual crimes that turns on both the seriousness of the offense and the number of prior convictions. For example, the presumptive ranges for attempted first-degree sexual assault, where the individual has no prior convictions for sexual felonies, are fifteen to thirty years for a first felony offender, twenty-five to thirty-five years for a second felony offender, and thirty-five to fifty years for a third felony offender.[28] If Moore had two prior convictions for sexual felonies, then he would be subject to a presumptive term of ninety-nine years.[29] If Moore had two prior convictions for class A felonies similar to his present conviction, then he would be subject to a mandatory ninety-nine year sentence.[30]

■ It is apparent from this sentencing scheme that the legislature intended to provide increasingly serious penalties for sexual offenses depending on the offender's prior criminal record. In *Sikeo*, we held that a ninety-nine year presumptive sentence for defendants who committed first-degree sexual abuse of a minor and who have two prior convictions for sexual felonies was not "shockingly or arbitrarily disproportionate."[31] We likewise conclude that the thirty-five to fifty year presumptive term is not arbitrarily disproportionate for attempted

---

**21.** *See id.*

**22.** *Dancer v. State,* 715 P.2d 1174, 1181 (Alaska App.1986) (quoting *Solem v. Helm,* 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)).

**23.** 258 P.3d 906, 907–08 (Alaska App.2011).

**24.** *Id.* at *5.

**25.** *Id.*

**26.** *Id.* at *6.

**27.** *Id.* (quoting *Thomas v. State,* 566 P.2d 630, 635 (Alaska 1977)).

**28.** AS 12.55.125(i)(2).

**29.** AS 12.55.125(i)(2)(F).

**30.** AS 12.55.125(*l*); AS 12.55.185(10).

**31.** 258 P.3d at 912.

first-degree sexual assault where the defendant has two or more prior felony convictions.

### We lack jurisdiction to decide Moore's excessive sentence claim.

Moore also argues that his composite sentence of forty years' imprisonment is excessive, given his less serious prior convictions and the sentences imposed in other similar cases. But this court does not have jurisdiction to hear an excessive sentence claim when a sentence is "within an applicable presumptive range set out in AS 12.55.125" and when a consecutive or partially consecutive sentence is "imposed in accordance with the minimum sentences set out in AS 12.55.127." [32] As noted above, the presumptive range for Moore's attempted first-degree sexual assault conviction was thirty-five to fifty years.[33] Since Moore's composite sentence of forty years is within the presumptive range established for attempted first-degree sexual assault, this court does not have jurisdiction to review Moore's excessive sentence claim.

Ordinarily we would refer Moore's excessive sentence claim to the Alaska Supreme Court under Alaska Appellate Rule 215(k). But we are required to remand this case to the superior court to correct other defects in the sentence as set forth below. Following resentencing, Moore will retain the option to file a petition for sentence review with the supreme court.

### Moore's sentences do not comply with the sentencing statutes.

The State argues that Moore's sentence should be remanded to the superior court for resentencing since the superior court did not impose a suspended sentence or any period of probation as required by AS 12.55.125(o ). The State also argues that Judge Wolverton should have sentenced Moore to some term of consecutive imprisonment as required by AS 12.55.127(c)(2)(F).

 Technically the State was required to file a cross-appeal to pursue these issues. But this court may still review the claim for plain error.[34] An illegal sentence that clearly violates the sentencing statutes will constitute plain error.[35]

 Two aspects of Moore's sentence did not comply with the sentencing statutes. First, Alaska Statute 12.55.125(o ) requires a sentencing judge to impose a minimum three-year suspended sentence and a minimum ten-year term of probation for each class A or class B felony conviction for a sexual offense.[36] Moore was convicted of one class A felony (attempted first-degree sexual assault) [37] and two class B felonies (second-degree sexual assault).[38] But the trial court did not impose a suspended sentence or any period of probation.

Second, Alaska Statute 12.55.127(c) requires a sentencing judge to impose a partially consecutive sentence for each crime charged under AS 11.41.[39] Both attempted

**32.** AS 12.55.120(e).

**33.** AS 12.55.125(i)(2)(E) ("[I]f the offense is a third felony conviction, the offense does not involve circumstances described in (F) of this paragraph, and the defendant is not subject to sentencing under (l ) of this section, 35 to 50 years.").

**34.** See Wood v. Collins, 812 P.2d 951, 957 (Alaska 1991) ("[The party] did not file a cross-appeal on this issue; however, we find that misapplication of the statute constitutes plain error.").

**35.** See Forster v. State, 236 P.3d 1157, 1173 (Alaska App.2010).

**36.** AS 12.55.125(o ) provides in part:
Other than for convictions subject to a mandatory 99–year sentence, the court shall impose, in addition to an active term of imprisonment imposed under (i) of this section, a minimum period of . . . suspended imprisonment of three years and a minimum period of probation supervision of 10 years for conviction of a class A or class B felony. . . .

**37.** AS 11.41.410(b); AS 11.31.100(d)(2).

**38.** AS 11.41.420(b).

**39.** AS 12.55.127(c)(2)(F) provides:
If the defendant is being sentenced for . . . two or more crimes under AS 11.41, a consecutive term of imprisonment shall be imposed for at least . . . some additional term of imprisonment for each additional crime . . . under . . . 11.41.420. . . .

first-degree sexual assault and second-degree sexual assault fall within this category, but Judge Wolverton stated that the three sentences would run concurrently.

We conclude that the superior court committed plain error by failing to properly apply AS 12.55.125(*o*) and AS 12.55.127(c)(2)(F). We therefore remand the case to the superior court so the court can impose the required suspended sentences, a term of probation, and partially consecutive sentences. To the extent possible, the composite sentence on remand should not exceed the composite sentence originally imposed.[40] The court may wish to review the separate counts to determine whether the separate convictions should be merged.[41]

### Conclusion

We AFFIRM the judgments of conviction, but we REMAND for resentencing as set forth above. Moore retains the right to file a petition for sentence review to the Alaska Supreme Court following the resentencing proceedings.

---

**40.** *See Joseph v. State,* 712 P.2d 904, 905–06 (Alaska App.1986); *see also Woodard v. State,* Mem. Op. & J. No. 4374, 2001 WL 322213, at *2 (Alaska App. Apr. 4, 2001).

**41.** *See Tuckfield v. State,* 621 P.2d 1350, 1352–53 (Alaska 1981).